IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEISHA MENIEFELD<br>Parent and Next Friend of M.M.,<br>And<br>M.M., individually,<br>5318 B Street SE #4<br>Washington, D.C. 20019<br><br>　　　　　Plaintiffs,<br>v.<br><br>District of Columbia<br>A Municipal Corporation<br>One Judiciary Square<br>441 4th Street, NW<br>Washington, D.C. 20001<br><br>To serve:<br><br>MURIEL BOWSER, Mayor<br>District of Columbia<br>441 4th Street, N. W.,　6th Fl<br>Washington, D.C. 20004<br><br>KARL A. RACINE<br>Attorney General<br>441 4th Street, N. W.,　6th Fl<br>Washington, D.C. 20004<br><br>　　　　　Defendant. | Civ No.: |

# COMPLAINT

COMES NOW, the Plaintiffs, Keisha Meniefeld and her minor child M.M., by and through their counsel and the law firm of James E. Brown & Associates, P.L.L.C. respectfully unto this Honorable Court state as follows:

1

**PRELIMINARY STATEMENT**

1. This is an action for reimbursement of attorneys' fees and costs incurred by the plaintiffs in their claims against the defendant pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEIA").

2. The Plaintiffs, the prevailing parties in the underlying administrative action, brought under IDEIA on their behalf, reside in the District of Columbia, and seek an order from the Court compensating them for reasonable attorneys' fees incurred in that action.

**JURISDICTION AND VENUE**

3. This court has jurisdiction pursuant to:

    a. The Individuals with Disabilities Educational Improvement Act, 20 U.S.C. § § 1400-1461 ("IDEIA").

    b. Declaratory Relief is authorized by 28 U.S.C. § § 2201 and 2202.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**PARTIES**

5. Plaintiff Keisha Meniefeld is the parent of a minor student who has been deemed eligible to receive special education and related services from Defendant District of Columbia.

6. Plaintiff M.M. is a minor student who has been deemed eligible to receive special education and related services from Defendant District of Columbia.

7. The Plaintiffs, at all times relevant to this action, have been residents of the District of Columbia, and were the prevailing parties in an administrative hearing held pursuant to IDEA.

8. At all times pertinent to the proceedings discussed in this Complaint, the Plaintiffs were represented by the lawyers with the law firm of James E. Brown & Associates, PLLC ("Brown & Associates"), a firm incorporated in the District, which specializes in special education law.

9. Plaintiffs have each consented to participate in, and advocate for, the reimbursement of their attorneys, for the full reasonable amount of fees that should have been paid to them for the work done on the underlying administrative cases.

10. That Defendant is a municipal corporation that receives federal funds pursuant to the IDEA, *see* 20 U.S.C. § 1411, in exchange for providing a free and appropriate public education ("FAPE"), and is obliged to comply with the applicable federal regulations and statutes, including but not limited, to IDEIA. *See also* § 1412(a)(1)(A).

**FACTUAL ALLEGATIONS**

11. On August 15, 2018, Keisha Meniefeld and M.M.. brought an administrative action alleging, *inter alia*, that the Defendant denied M.M. FAPE when it failed to comprehensively evaluate M.M. from January 2017 until June 2018, failed to provide an appropriate IEP in December 2017, and failed to implement M.M.'s speech and language services during the 2016-2017 and 2017-2018 school-years. *See* Exhibit 1.

12. On January 17, 2019, following two days of hearing, an interim hearing officer decision was issued in this case that ordered the Defendant to arrange for M.M. to receive a comprehensive psychological evaluation and a speech language evaluation. *See* Exhibit 2.

13. On November 18, 2019, following two additional days of hearing, a final decision was issued, which found that Ms. Meniefeld had met her burden of proof on the above described issues and which ordered, as additional relief, that the Defendant fund, as compensatory education, 425 hours of academic tutoring and five hours of speech language pathology services, that the Defendant conduct

or fund an assistive technology evaluation, and convene a meeting, including paying for the participation of Ms. Meniefeld's independent psychologist, to revise M.M.'s IEP as necessary.

14. Plaintiffs prevailed as that term is defined in law, and Plaintiffs incurred reasonable attorneys' fees and costs in the amount $194,632.82. *See* Exhibit 3.

## COUNT I
### (Claim for Reasonable Attorneys' Fees and Costs)

15. Plaintiffs reincorporate paragraphs 1-14.

16. The Plaintiffs are prevailing parties in an impartial due process hearing against the Defendant under the IDEA.

17. As prevailing parties, the Plaintiffs are eligible to be awarded reasonable attorneys' fees by the Court under 20 U.S.C. §1415 (i)(3)(B)(i)(I).

18. The amount of attorneys' fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

19. The current billing rates for the attorneys in this case, as evidenced by the invoices attached to this complaint, are reasonable and consistent with prevailing market rates in the District of Columbia.

20. The IDEIA and this Court allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

21. Declare that they are prevailing parties under the IDEA and are therefore entitled to recover reasonable attorneys' fees and costs;

22. Order the Defendant to pay Plaintiffs the sum of $194,632.82, reasonable attorneys' fees and costs for work on behalf of Ms. Meniefeld and M.M.

4

23. Award Plaintiff reasonable attorneys' fees and cost for litigation this Complaint, to be determined upon the timely submission of a fee petition to this Court, and

24. Award Plaintiff any other relief that this Court deems just and proper.

**Respectfully submitted,**

/s/ Robert W. Jones

ROBERT W. JONES, Bar No. DC997776
Associate Attorney
James E. Brown & Associates, PLLC
1220 L Street, 7th Floor
Washington, D.C. 20005
(202) 742-2000 (voice)
(202) 742-2098 (fax)
**Attorneys for Plaintiffs**